```
      IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____

CRAIG KENT GORDON,              )
                                )
     Plaintiff/Petitioner,      )   Case No. 2:09-CV-713 TC
                                )
     v.                         )   District Judge Tena Campbell
                                )
STATE OF UTAH et al.,           )   MEMORANDUM DECISION
                                )
     Defendants/Respondents.    )
_____
```

Craig Kent Gordon, filed a self-styled "'Intervention' Claim of Unconstitutionality Injunction to Remove from State Court Appellette Interlocatatory [sic] (28 U.S.C. § 1441)."  He essentially requests removal of his pending state criminal prosecution to federal court.  The Court has already entered a remand order on an identical request in *Gordon v. Ludlow*, No. 2:09-CV-214 JTG (May 5, 2009).  The Court repeats its analysis:

First, Gordon has brought his petition/complaint under an inappropriate section.  He is not entitled to removal of a *criminal* action under § 1441, which outlines requirements for removal of *civil* actions.[1]  Construing Gordon's pleadings liberally, though, as it must for a *pro se* litigant,[2] the Court reviews them against the law governing removal of state criminal proceedings to federal court.

---

[1] 28 U.S.C.S. § 1441 (2009).

[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The process for removing a state criminal proceeding to federal court is governed by § 1446, which reads:

> A defendant . . . desiring to remove any . . . criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.[3]

The removal notice also must be filed within thirty days of the defendant's arraignment in state court or any time before trial, whichever comes first.[4] While the filing of a notice of removal of a criminal action does not preclude the state from going forward, it does keep the state court from entering a judgment of conviction when the criminal action has not been remanded.[5]

This Court must promptly consider notices of removal regarding state criminal actions.[6] If it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," summary remand must be ordered.[7]

This Court's review of the materials Gordon has submitted in this case reveals that summary remand to the state court of this

---

[3] 28 U.S.C.S. § 1446(a) (2009).

[4] *See id.* § 1446(c)(1).

[5] *See id.* § 1446(c)(3).

[6] *See id.* § 1446(c)(4).

[7] *See id.*

criminal prosecution is appropriate.  Gordon has not complied with the removal statute, in that he has not provided copies of "all process, pleadings, and orders served upon" him in his state criminal case(s).[8]  Further, his initial appearance/arraignment took place on October 1, 2007, from which he should have filed this removal notice within thirty days.  Instead, he waited until last month to file this particular complaint.  Finally, "[r]emoval of state-court civil or criminal actions to federal court is limited to actions against federal officers, members of the armed forces, and defendants in certain civil rights actions."[9]  Plainly and liberally construing Gordon's pro se notice of removal, this Court determines he meets none of these requirements.

"To the extent [Gordon] seeks relief from the federal courts to prevent the violation of his constitutional rights in his pending state criminal proceeding, relief in federal court lies in a petition for a writ of habeas corpus after first exhausting available state court remedies."[10]  Moreover, the Court notes that Gordon's "attempt to remove the state court criminal prosecution is inconsistent with 'the longstanding public policy

---

[8] *See id.* § 1446(a).

[9] *Kansas v. Gilbert*, No. 06-3120-SAC, 2006 U.S. Dist. LEXIS, at *3 (D. Kan. May 2, 2006) (citing 28 U.S.C.S. §§ 1442, 1442a, 1443 (2009)).

[10] *Id.* at *4.

against federal court interference with state court proceedings.'"[11]

With the view that the state courts are entirely equal to the task of maintaining Gordon's constitutional rights, IT IS THEREFORE ORDERED that this matter is DISMISSED and REMANDED to the state courts.

As in the previously remanded case, Gordon has filed a civil action here that is dismissed as frivolous or failing to state a claim upon which relief may be granted.  So, Gordon should take note that this constitutes the second strike in this Court under § 1915(g).[12]

DATED this 13th day of October, 2009.

BY THE COURT:

*Tena Campbell*
_____
CHIEF JUDGE TENA CAMPBELL
United States District Court

---

[11] *Oklahoma v. Smith*, No. 06-6238, 2007 U.S. App. LEXIS 5427, at *3 (10th Cir. Apr. 3, 2008) (unpublished).

[12] 28 U.S.C.S. § 1915(g) (2009) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").